22709

Walter Francis SPELL and L. B. Smith, Inc., Appellants v. SOUTH CARO-
  LINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPOR-
  TATION, Respondent.

(355 S. E. (2d) 860)

Supreme Court

*David E. Taylor*, Columbia, *for appellants.*

*William H. Davidson, II*, of *Nauful & Ellis*, Columbia, *for
respondent.*

Heard March 23, 1987.

Decided April 27, 1987.

LITTLEJOHN, Acting Associate Justice:

Appellants filed a complaint against the South Carolina
Department of Highways and Public Transportation (High-
way Department), alleging property and personal injury
damages caused by a defect in a state highway. The circuit
court, ruling the appellants had failed to bring suit within
the time period required by S. C. Code Ann. § 57-5-1820
(1976), dismissed the action pursuant to Rule 12(b)(6),
SCRCP.

We affirm.

## FACTS

On June 22, 1984, appellant Walter F. Spell (Spell) was driving a vehicle owned by appellant L. B. Smith, Inc. on Corley Mill Road in Lexington County. Spell began to pass a truck which was pulling a trailer loaded with equipment. The truck swerved into the passing lane to avoid a large defect in the highway. Spell was forced off the road and hit a power pole, sustaining personal injuries and damages to the vehicle.

The appellants filed a verified claim with the Highway Department on September 25, 1984. The claim was denied on October 24, 1984. On October 1, 1985, appellants commenced the present action.

S. C. Code Ann. § 57-5-1820 (1976) specifies the statute of limitations for filing claims and bringing suit against the Highway Department:

> A claim giving the date when and the place where the injury or damage occurred and the amount claimed must be made out, sworn to and filed with the Department within one hundred and eighty days after the alleged injury or damage occurred. Suit, if any, *must be commenced by the service of a summons and complaint within twelve months from the date of the injury or damage* ... [Emphasis supplied].

This statute was repealed on July 1, 1986, by Act No. 463, 1986 S. C. Acts 3001, the "Tort Claims Act." However, it was in effect at all relevant times involved in this litigation.

The circuit court ruled that while the appellants had filed their *claim* with the Highway Department within the required time period, they had failed to bring *suit* within twelve months of the accident. Accordingly, the court granted the Highway Department's motion to dismiss pursuant to Rule 12(b)(6).

## ISSUE

Did the court's abrogation of sovereign immunity in *McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985) overrule § 57-5-1820?

## DISCUSSION

Section 57-5-1820 was part of an act providing a limited exception to the general rule of sovereign immunity. Appellants contend that *McCall v. Batson*, by eliminating sovereign immunity, also eliminated exceptions to it.

We disagree. There is no inconsistency in the abrogation of sovereign immunity and the retention of a one-year statute of limitations. Independent factors such as the need to bring actions within a reasonable time so that evidence will be available support such limitations. We note that the new "Tort Claims Act" provides a two-year limitation period for bringing suit against governmental entities. *See* S. C. Code Ann. § 15-78-110 (1986).

Appellants filed their complaint in circuit court more than three months after the one-year statute of limitations of § 57-5-1820 had expired. Accordingly, the circuit court was correct in granting the Highway Department's motion to dismiss.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.